DICKINSON *et al. vs.* HARALSON, receiver.

[1] That a homestead or exemption of personalty was applied for in 1872,
and, after litigation, granted in 1873, the applicant having no realty
at the time of the application, was no obstacle to the setting apart
a homestead of realty in 1875; the realty being acquired by the
debtor in the interval between the two applications.    A second or
supplemental homestead, within the ruling of this court in 54 *Ga.,*
515, and 56 *Ib.*, 520, is the addition of more property of the like
kind to that secured by a previous assertion of the homestead right.

Homestead.    Before    Judge    UNDERWOOD.    Richmond
Superior Court.    April Adjourned Term, 1878.

In the year 1872, Dickinson, as the head of a family, ap-
plied to the ordinary of Richmond county for an exemption
of personalty.    Litigation ensued, and in December, 1873,
the personalty was duly set apart, the ordinary then approv-
ing the application.    At the time of said application the
applicant owned no real estate.    Some time after the ex-
emption of personalty was applied for, Dickinson inherited

from his father certain tracts of land in Richmond county, and on the 25th day of March, 1875, a homestead of realty was duly set apart out of said land to his family, upon the application of his wife, her husband having refused to apply for the same. At the time this homestead was set apart, the estate of Hopkins was a judment creditor of said Dickinson, but could not file exceptions in the court of ordinary because unrepresented. ' On September 11, 1875, Arabella T. Haralson, receiver of said estate, filed her bill against Dickinson and wife to subject the said homestead to the judgment in favor of the estate of Hopkins, on the ground that said land so set apart was worth a sum largely in excess of the valuation allowed by law. On the 26th June, 1876, complainant, by an amendment to her bill, claimed that the said homestead was void on the additional ground that a previous exemption of personalty had been allowed to the husband, and that, therefore, the wife was not entitled to the benefit of a homestead of realty for herself and minor children, and that she was estopped by her husband's previous application.

The answer of defendant admitted that an exemption of personalty had been allowed by the ordinary, as alleged in complainant's bill, and the homestead of realty also, as alleged.

The chancellor held that the wife, Mrs. Dickinson, was not entitled to the homestead of realty, because it was supplementary. To this ruling Dickinson and wife excepted

H. D. D. Twiggs, for plaintiff in error, cited 54 *Ga.*, 515; 56 *Ib.*, 520; 47 *Ib.*, 250; Rev. Code, §§2002, 5135; Code, §§2016, 2022.

Frank H. Miller, for defendant, cited 47 *Ga.*, 474; 55 *Ib.*, 340; 54 *Ib.*, 515; 56 *Ib.*, 520; *Burns vs. Chandler*, August 20, 1878; act of Feb. 26, 1876, p. 50.

Bleckley, Justice.

The constitution of 1868 entitled the head of a family to

a homestead of realty, as well as to an exemption of personalty. The act of the same year (Code, §2003), and subsequent legislation, kept both species of property in view, and contemplated that proceedings to secure both were to begin and be conducted together. If, having both species at the time of the application, the applicant voluntarily confined his application to one, leaving the other out, perhaps he could not afterwards claim as to the latter. But surely he might apply for one only, when he had but one, without thereby losing the constitutional right to have both. Having personalty alone, must he give that up, or save it at the cost of never having a homestead of realty? The letter of the statutes may not provide for two distinct applications, but the spirit does, where each is, and from necessity must be, confined to one species of property. A cumulative or supplemental homestead, as heretofore declared by this court unprovided for, is not realty after personalty, or personalty after realty, but both or either after both, or one after a previous one of like kind.

Judgment reversed.